UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANNY PRINCE, et al., | § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. 3: 05-CV-2168-B ECF |
| M.O. RIFE, III, et al., | § § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court is Defendant M.O. Rife, III's Plea in Abatement (doc. 5), filed December 5, 2005. After review of the pleadings, the Court **GRANTS** Rife's Plea and **STAYS** this case for **sixty (60) days**, which is until **May 8, 2006.**

### I. BACKGROUND

Plaintiffs Danny and Lenn Prince ("Plaintiffs") filed this case against M.O. Rife and Robert Cady on November 4, 2005, bringing claims under the Texas Deceptive Trade Practices Act ("the DTPA"), among others. On December 5, 2005, Rife filed his Answer and included a Plea in Abatement. (Rife's Ans. ¶¶ 3.01-3.05) Rife argued that, under the DTPA, he was entitled to an abatement of sixty (60) days because Plaintiffs had not given him sixty days notice before filing suit. (Id.) Plaintiffs did not file a response.

After receiving a proposed schedule from the parties, the Court ordered the parties to submit their positions on the pending Plea, in light of the dates proposed. (doc. 31) Rife's response indicated that he still intended to pursue his Plea and believed that the proposed schedule should

adjusted to provide for a sixty-day abatement. (doc. 32) Plaintiffs argued that Rife had waived his right to an abatement by his actions in this suit, but Plaintiffs were unopposed to pushing the schedule back sixty days. (doc. 34) The Court, now, turns to the merits of Rife's Plea.

## II. ANALYSIS

Section 17.505 of the Texas Business and Commerce Code states that a consumer must give written notice to a DTPA defendant at least sixty (60) days in advance of filing suit. TEX. BUS. & COM. CODE ANN. §17.505(a) (Vernon 2002 & Supp. 2005). Failure to provide this notice entitles the defendant to an abatement of the lawsuit until sixty days after written notice is given. *Id.* at § 17.505(c)-(e); *In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 176 (Tex. 1999). Rife's Plea in Abatement provided a verified statement that he had not received the required written notice, and Plaintiffs have not produced any evidence in opposition. Therefore, the Court **GRANTS** Rife's Plea and **STAYS** this case for **sixty (60) days.**

Plaintiffs have indicated that they were going to send the written notice to Rife. If they have not already done so, they must do so immediately. Further, although the case will be stayed for sixty days, the Court will enter a Scheduling Order. However, the Court's Scheduling Order will move the deadlines proposed by the parties back by sixty days to allow for the abatement. If all of the parties are in agreement, the parties may participate in mediation or settlement discussions during the stay.

## III. CONCLUSION

Because there is no evidence that Plaintiffs gave Rife written notice sixty days before filing suit under the DTPA, the Court **GRANTS** Rife's Plea in Abatement and **STAYS** this suit for **sixty (60) days,** which is until **May 8, 2006.** The parties, however, are free to engage in settlement

```
```

discussions or participate in mediation during this time if all parties agree. If Plaintiffs have not yet given Rife written notice under the DTPA, they must do so immediately.

SO ORDERED.

SIGNED March 9th, 2006

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE